CAUSE NO. 9,143

| | | |
|---|---|---|
| JAIME VELA,<br>Plaintiff, | § § § § § § § § § § § § | IN THE DISTRICT COURT<br><br>49th JUDICIAL DISTRICT<br><br>ZAPATA COUNTY, TEXAS |
| VS. | | |
| VOYAGER INDEMNITY INSURANCE COMPANY, AMERICAN RELIABLE ~~INSURANCE COMPANY, VINCENT~~ MARANO, AND HEATHER ERWIN,<br>Defendants, | | |

## PLAINTIFF'S ORIGINAL PETITION
## AND REQUEST FOR RULE 194.2 DISCLOSURES

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, JAIME VELA, (hereinafter referred to as ("PLAINTIFF"), and files her Original Petition against VOYAGER INDEMNITY INSURANCE COMPANY, AMERICAN RELIABLE INSURANCE COMPANY, VINCENT MARANO, AND HEATHER ERWIN, (hereinafter collectively referred to as "DEFENDANTS") and for cause of action would respectfully show the Court the following:

I.   Discovery

Pursuant to Rule 190 of the Texas Rules of Civil Procedure, PLAINTIFF intends to conduct discovery under Level 3.

II.   Parties and Service

PLAINTIFF owns the following dwelling, policy and was assigned the following claim number:



| Clients | Address | Policy Number | Claim Number |
|---|---|---|---|
| Jaime Vela | 402 2nd St. Zapata, Texas 78076 | HWG206316-13 | R-14149426 |

DEFENDANT VOYAGER INDEMNITY INSURANCE COMPANY is a Corporation doing business in Texas and is the INSURANCE COMPANY complained of in this matter and may be served with process by serving any of its officers or directors at 260 Interstate North Circle Se, Atlanta, Georgia 30339-2110. Service may be perfected via Certified Mail Return Receipt Requested.

DEFENDANT AMERICAN RELIABLE INSURANCE COMPANY is a Corporation doing business in Texas and is the INSURANCE COMPANY complained of in this matter and may be served with process by serving any of its officers or directors at 1999 Bryan St. Ste. 900, Dallas, Texas 75201-3136. Service may be perfected via Certified Mail Return Receipt Requested.

DEFENDANT VINCENT MARANO, upon information and belief is an individual who conducts business in Texas and is the insurance adjuster complained of in this matter and may be served with process at PO Box 28564. Service may be perfected via Certified Mail Return Receipt Requested.

DEFENDANT HEATHER ERWIN, upon information and belief is an individual who conducts business in Texas and is the insurance adjuster complained of in this matter and may be served with process at 8655 E. Via De Ventura, Scottsdale, Arizona 85258-3300. Service may be perfected via Certified Mail Return Receipt Requested.

III. Jurisdiction and Venue

Venue of this action is proper in Zapata County, Texas because the policy at issue was issued and delivered in Zapata County, Texas, because the property insured is situated in Zapata County, Texas, because PLAINTIFF'S losses occurred in Zapata County, Texas, and because all or part of the events made the basis of this lawsuit and giving rise to PLAINTIFF'S claim and causes of action occurred in Zapata County, Texas.

Jurisdiction is proper in this state as the DEFENDANTS are conducting business in the State of Texas. The insurance business done by the DEFENDANTS in Texas includes, but is not limited to, the following:

1. The making and issuing of contracts of insurance with PLAINTIFF;

2. The taking or receiving of application for insurance, including PLAINTIFF'S applications for insurance;

3. The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from PLAINTIFF;

4. The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including PLAINTIFF; and

5. The investigation and or adjustment of insurance claims within the state of Texas.

IV. Facts

DEFENDANTS and/or its agents committed the actions alleged against DEFENDANTS in this complaint. DEFENDANTS provided coverage to the PLAINTIFF for such dwelling, personal property, and other matters under the Insurance Policy.

PLAINTIFF as listed above owns a home in Zapata County and was insured by DEFENDANTS. On or about September 2, 2013, the structures were subjected to covered damages. PLAINTIFF promptly reported her losses and was assigned the claim number as listed above.

During the term of said policy, PLAINTIFF sustained covered losses in the form of wind, hailstorm, and water damages resulting there from openings created by those perils, including damage to the architectural finishes of the property. The damages were from the hailstorm, which devastated property in Zapata County Texas. As a result of the covered events, PLAINTIFF'S property sustained damages, including the cost of destruction and restoration of the property necessary to access and fix the damaged areas. The damages sustained by PLAINTIFF'S home were covered damages under the insurance policy. PLAINTIFF has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, including injuries sustained as a result of having to live in a damaged home during the pendency of DEFENDANTS' claim decision.

V. Conditions Precedent

All notices and proofs of losses were timely and properly given to DEFENDANTS in such manner as to fully comply with the terms and conditions of the relevant insurance policy or other contracts and applicable law. More than sixty days prior to the filing of this suit, written demand for payment and notice of complaint pursuant to Texas Insurance Code, section 541 and Business and Commerce Code section 17.505(a), were sent to DEFENDANTS. All of the conditions precedents to bring this suit under the

insurance policy, and applicable statutory regimes have occurred. Despite the fact that all conditions precedent to PLAINTIFF'S recovery have occurred and/or have been performed, DEFENDANTS failed and refused to pay PLAINTIFF a just amount in accordance with their contractual obligations, agreements, and representations.

## VI.  Breach of Contract

PLAINTIFF purchased an insurance policy with DEFENDANTS. PLAINTIFF'S property was damaged by the covered perils of windstorm and hailstorm. These perils created openings through which water damage resulted. These damages are covered under the insurance policy. DEFENDANTS have denied and/or delayed payment of PLAINTIFF'S covered claim. DEFENDANTS have no reasonable basis for denying, delaying, or failing to pay PLAINTIFF'S claim for damages. DEFENDANTS knew or should have known that there was no such reasonable basis to deny, delay, and fail to pay such claim. The conduct of DEFENDANTS was irresponsible and unconscionable. DEFENDANTS took advantage of the PLAINTIFF'S lack of sophistication in insurance and construction matters to a grossly unfair degree. DEFENDANTS have, by its conduct, breached its contract with PLAINTIFF. The conduct of DEFENDANTS has proximately caused damages to PLAINTIFF.

## VII.  DTPA Violations

PLAINTIFF is a consumer entitled to relief under the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"). By their conduct outlined above, DEFENDANTS have engaged in the following violations of

the DTPA, which, together and separately, has been a producing cause of PLAINTIFF'S damages:

    (a)    DEFENDANTS made false representations about PLAINTIFF'S rights, remedies and obligations under the policies at issue. These statements were a misrepresentation of the insurance policies and their benefits in violation of §§17.46(b)(5), (7), (12) and (14), Texas Business & Commerce Code;

    (b)    DEFENDANTS' actions constitute an unconscionable course of conduct entitling PLAINTIFF to relief under §17.50(a)(l), (2), (3), and (4) of the Texas Business & Commerce Code;

    (c)    DEFENDANTS failed to disclose information to PLAINTIFF concerning the nature and extent of their insurance policy which was known by DEFENDANTS at the time for the purpose of inducing PLAINTIFF into transactions which she would not have otherwise entered in violation of section 17.46(b)(9) and (23), Texas Business and Commerce Code;

    (d)    As described above, DEFENDANTS violated Chapter 541, Texas Insurance Code, entitling PLAINTIFF to relief under section 17.50(a)(4), Texas Business and Commerce Code.

DEFENDANTS took advantage of PLAINTIFF'S lack of knowledge in construction and insurance claim process, misrepresented losses covered under the insurance policy and failed to disclose pertinent information regarding damages to PLAINTIFF'S property.

DEFENDANTS' conduct as described herein was a producing cause of damages to PLAINTIFF for which she sues. The conduct of DEFENDANTS as more than just a mistake and was done "knowingly" and/or "intentionally" as that term is derived by statue. Because of their conduct DEFENDANTS may be subject to liability for additional damages under the Texas Deceptive Trade Practices Act. PLAINTIFF seeks an award of additional damages under the DTPA in an amount not to exceed three times the amount of economic damages.

## VIII. Unfair Insurance Practices

DEFENDANTS failed to inform PLAINTIFF of material facts such as the true scope of damage, terms of the policy, and cost to repair. DEFENDANTS failed to properly process the claim and have misrepresented material facts to PLAINTIFF. DEFENDANTS have failed to address all damage to the property and its contents causing further damage to PLAINTIFF.

Further, DEFENDANTS intentionally failed to fully investigate the losses; failed to properly convey all information to PLAINTIFF and have intentionally ignored damages to the dwelling. PLAINTIFF'S property suffered from covered losses and damages of which DEFENDANTS are fully aware. DEFENDANTS concealed damage known by them to exist. DEFENDANTS knew about covered windstorm and water damages but failed to perform proper testing and concealed facts from PLAINTIFF about the damages, such as the amount of and the extent of covered losses, preferring instead to pay a small portion of loss and to deny the rest. PLAINTIFF attempted to dispute these charges on her own but was forced to hire her attorney when DEFENDANTS failed to respond.

By their conduct outlined above, DEFENDANTS committed unfair practices in the business of insurance prohibited by Chapter 541, Texas Insurance Code, and the statutes, rules and regulations incorporated therein. DEFENDANTS committed the following acts in violation of Texas Insurance Code and Texas Administrative Code:

    (1)    DEFENDANTS failed to, with good faith, effectuate a prompt, fair, and equitable settlement of PLAINTIFF'S claims once liability becomes reasonably clear (Tex. Ins. Code Ann. 541.060(a)(2)(A); Tex. Ins. Code Ann. 542.003(b)(4); 28 TAC

section 21.203(4));

(2) DEFENDANTS failed to provide promptly to PLAINTIFF a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for denial of the claim or for the offer of a compromise settlement of the claim (Tex. Ins. Code Ann. 541.060(a)(3); 28 TAC section 21.203(9));

(3) DEFENDANTS refused to pay a claim without conducting a reasonable investigation with respect to that claim (Tex. Ins. Code Ann. 541.060(a)(7); TAC section 21.203(15));

(4) DEFENDANTS breached its duty of good faith and fair dealing at common law;

(5) DEFENDANTS failed within a reasonable time to affirm or deny coverage of a claim to a policyholder (Tex. Ins. Code Ann. 541.060(a)(4)(A); 28 TAC section 21.203(10));

(6) DEFENDANTS failed to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies (Tex. Ins. Code Ann. 542. 003(b)(3); 28 TAC section 21.203(3));

(7) DEFENDANTS compelled PLAINTIFF to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder (Tex. Ins. Code Ann. 542.003(b)(5); 28 TAC section 21.203(6);

(8) DEFENDANTS violated the Prompt Payment of Claims Statute (28 TAC section 21.203(18));

(9) DEFENDANTS undertook to enforce a full and final release of a claim from a policyholder when only a partial payment has been made, unless the payment is a compromise settlement of a doubtful or disputed claim (Tex. Ins. Code Ann. 541.060(a)(6); 28 TAC section 21.203(13));

(10) DEFENDANTS committed the following unfair methods of competition or deceptive acts or practices in the business of insurance in violation of Texas Insurance Code and the Texas Administrative Code by:

(a) DEFENDANTS made, issued or circulated or caused to be made, issued or circulated an estimate, illustration,

       circular or statement misrepresenting with respect to the policy issued or to be issued:

       (i)    the terms of the policy; and/or

       (ii)    the benefits or advantages promised by the policy.

(b)    DEFENDANTS made untrue statements of material facts (Tex. Ins. Code Ann. 541.060(a)(l); 28 TAC section 21.203(1));

(c)    DEFENDANTS failed to state a material fact necessary to make other statements made not misleading considering the circumstances under which statements were made; and

(d)    DEFENDANTS made statements in a manner that would mislead a reasonably prudent person to a false conclusion of material fact.

(e)    DEFENDANTS are refusing, failing, or unreasonably delaying a settlement offer under applicable first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy (Tex. Ins. Code Ann 541.060(a)(5); 28 TAC section 21.203(11); and

The conduct of DEFENDANTS as described herein was a producing cause of damages to PLAINTIFF.

## IX.    Breach of the Duty of Good Faith and Fair Dealing

From and after the time PLAINTIFF'S claim was presented to DEFENDANTS, liability to pay the claim in accordance with the terms of the insurance policy referenced above has been reasonably clear. Despite there being no basis whatsoever on which a reasonable INSURANCE COMPANY would have relied to deny and/or delay payment for PLAINTIFF'S claim. DEFENDANTS refused to accept the claims in totality and pay PLAINTIFF as the policy required. At that time, DEFENDANTS knew or should have known

by the exercise of reasonable diligence that their liability was reasonably clear. DEFENDANTS failed to conduct a reasonable and proper inspection of the claim and refused to rely on the true facts, resorting instead to producing faulty, incomplete and biased reasons to avoid paying a valid claim.

This constitutes failing to handle or process PLAINTIFF'S claim in good faith, an affirmative duty placed on the DEFENDANTS, as expressly stated by the Texas Supreme Court in *Vail v. Texas Farm Bureau*, 754 S.W.2d 129 at 135 (Tex. 1988). Through the actions described above, DEFENDANTS breached its duty to deal fairly and in good faith with PLAINTIFF.

DEFENDANTS' breach was a proximate cause of the losses, expenses, and damages suffered by PLAINTIFF for which she sues.

X. Texas Insurance Code 542, Subchapter B Delay in Payment

PLAINTIFF gave prompt notice of her claim to DEFENDANTS and DEFENDANTS engaged in unfair settlement claim practices as discussed above and denied and/or have delayed payment on PLAINTIFF'S claim. DEFENDANTS' investigation and reliance on reports and estimates from its adjusters and investigating adjusters has been "merely pretextual" and unreasonable. DEFENDANTS' minimal investigation and use of adjusters' reports was an "outcome oriented investigation". PLAINTIFF'S dispute the reliability of his investigative findings. DEFENDANTS have failed to comply with the requirements of Chapter 542 listed herein:

    (a)    Failing to notify PLAINTIFF in writing, within 15 business days after receiving all of the items, statements, and forms required by the insurer to secure final proof of loss, of the acceptance or rejection of a claim; and/or

    (b)    Failing to pay PLAINTIFF'S claim within 60 days of receiving all

of the items, statements, and forms required by the insurer to secure final proof of loss, of the acceptance or rejection of a claim; and

(c) Failing to request all of the items, statements and forms the DEFENDANTS reasonably believed at the time would be required from PLAINTIFF'S to pay the claim within 15 days after receiving notice of the claim.

Pursuant to Texas Insurance Code Chapter 542, Subchapter B, PLAINTIFF is entitled to recover from DEFENDANTS the statutory penalty of 18% per annum on all amounts due on PLAINTIFF'S claim, together with attorney's fees, for which she sues.

XI.

PLAINTIFF alleges that as to any terms, conditions, notices, or requests under the insurance contract, PLAINTIFF has substantially complied and/or is excused. In the alternative, PLAINTIFF makes the allegation of waiver and/or estoppels as to every defense or exclusion plead by DEFENDANTS and furthermore would show that:

1. The clear and unambiguous language of the policy provides coverage for dwelling damage caused by windstorm and water damage, including the cost of access to fix the damaged areas. Any other construction of the language of the policy is void as against public policy;

2. Any other construction and its use by DEFENDANTS violates section 541 and 542 of the Texas Insurance Code and are void as against public policy;

3. Any other construction violates Art. 17.50 of the Texas Business and Commerce Code, is unconscionable, was procured by fraudulent inducement, and is void as against public policy;

4. Any other construction is otherwise void as against public policy, illegal, and volatiles state law and administrative rule and regulation;

5. The adoption of any other construction constitutes wrongful or bad faith cancellation and/or refusal to renew a portion of

PLAINTIFF'S predecessor policy with DEFENDANTS. In this regard, PLAINTIFF would show that a similar insurance policy was renewed uninterrupted for many years; and

6. The adoption of any other construction constitutes conduct in violation of the laws of this state; including section 541 and 542 of Texas Insurance Code is void as against public policy.

If this Court finds any ambiguity in the policy, the rules of construction of such policy mandate the construction and interpretation urged by PLAINTIFF.

In the alternative, DEFENDANTS are judicially, administratively, or equitably stopped from denying PLAINTIFF'S construction of the policy coverages at issue.

To the extent that the wording of such policy does not reflect the true intent of all parties thereto, PLAINTIFF pleads the doctrine of mutual mistake requiring reformation.

XII.

REQUEST FOR RULE 194.2 DISCLOSURES

Under Texas Rule of Civil Procedure 194.2, PLAINTIFF requests that DEFENDANTS disclose, within 50 days of the service of this request, the information or material described in Texas Rule of Civil Procedure 194.2.

XIII.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF respectfully requests this Honorable Court for the following relief: That upon final hearing and trial hereof, this Honorable Court grant to the PLAINTIFF'S such relief as to which she may show herself justly entitled, either at law or in equity; either general or special, including declaratory judgment, judgment against the

DEFENDANTS for actual attorney's fees, cost of suit, mental anguish, statutory penalties, and prejudgment and post judgment interest, including judgment for additional damages and punitive damage under the facts set forth in this or any amended pleading.

Respectfully submitted,

Law Offices of R. Kent Livesay, P.C.
5319 South McColl Road
Edinburg, Texas 78539
(956) 686-5776 Telephone
(956) 686-0050 Facsimile
melissa@livesaylawfirm.com

By: /s/ R. Kent Livesay
R. Kent Livesay
Texas Bar No. 00790057

**ATTORNEY FOR PLAINTIFF**