# CIVIL DOCKET

**CASE NO. 9,143**

| NUMBER OF CASE | NAMES OF PARTIES | ATTORNEYS | Kind of Action and Party Demanding Jury | DATE OF FILING |
|---|---|---|---|---|
| | | | | Mo. / Day / Year |
| 9,143 | JAIME VELA<br>vs.<br>VOYAGER INDEMNITY INSURANCE COMPANY, AMERICAN RELIABLE INSURANCE COMPANY, VINCENT MARANO AND HEATHER ERWIN | R. KENT LIVESAY — Plff<br><br>— Dft. | CONTRACT | AUG. 31 2015 |

**FEE BOOK** — Vol. / Page

Jury Fee.
Paid By
Jury No.

### DATE OF ORDERS / ORDERS OF COURT / MINUTE BOOK / PROCESS

| Month | Day | Year | Was Stenographer Used? | ORDERS OF COURT | Vol. | Page | |
|---|---|---|---|---|---|---|---|
| AUG. | 31 | 2015 | | PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR RULE 194.2 DISCLOSURES | | | |
| SEPT. | 03 | 2015 | | ISSUED CITATION BY MAILING TO VOYAGER INDEMNITY INSURANCE COMPANY ANY OFFICER AND DIRECTOR | | | LAW OFFICE |
| SEPT. | 03 | 2015 | | ISSUED CITATION:BY MAILING-TO:VINCENT LOUIS MARANO | | | |
| SEPT. | 03 | 2015 | | ISSUED CITATION BY MAILING TO HEATHER ERWIN | | | |
| Oct | 08 | 2015 | | defendants Voyager Indemnity Insurance Company Vincent Marano And Heather Erwin | | | |
| Oct | 08 | 2015 | | Original Answer And Affirmative defense | | | |
| Oct | 08 | 2015 | | defendant American Reliable Insurance Company Original Answer And Affirmative defenses | | | |

EXHIBIT C

## NOTICE OF CALENDAR CALL

### CAUSE NO. 9,143

**JAIME VELA**

**Vs.**

**VOYAGER INDEMNITY INSURANCE COMPANY, AMERICAN RELIABLE INSURANCE COMPANY, VINCENT MARANO, AND HEATHER ERWIN**

Please take notice that this case is set for Calendar Call on the 9TH day of NOVEMBER, 2015, at 1:30 pm at the 49th District Court, 3rd Floor Zapata County Courthouse.

All Calendar Call hearings will be in open Court and on the record before the Honorable Judge Jose A. Lopez. Your presence is **MANDATORY** unless Counsel for Plaintiff(s) and Defendant(s) have in place a pre-trial guideline order with both Counsel and Judge's signatures prior to calendar call date. This guideline order should have all appropriate dates including pre-trial, jury selection and all deadlines.

Counsel for Plaintiff(s), please note that if you do not appear for calendar call your case may be dismissed for lack of prosecution.

Counsel for Defendant(s), please note that if you do not appear for calendar call, a pre-trial guideline order may be entered with or without your approval and/or signature.

If there are any questions regarding this matter please feel free to call our office at any time.

Noemi Elizondo
Civil Court Coordinator
Zapata 49th District Court
Tele: 956-765-9935
Fax: 956-765-9789

Case 5:15-cv-00239 Document 1-3 Filed in TXSD on 10/19/15 Page 3 of 14

Filed
9/163
Filed 10/9/2015 4:01:55 PM
Dora Castanon
District Clerk
Zapata County, Texas

CAUSE NO. 9,143

| | | |
|---|---|---|
| JAIME VELA | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | 49TH JUDICIAL DISTRICT |
| | § | |
| VOYAGER INDEMNITY INSURANCE | § | |
| COMPANY, AMERICAN RELIABLE | § | |
| INSURANCE COMPANY, VINCENT | § | |
| MARANO, AND HEATHER ERWIN | § | |
| | § | |
| Defendants. | § | ZAPATA COUNTY, TEXAS |

**DEFENDANTS VOYAGER INDEMNITY INSURANCE COMPANY,
VINCENT MARANO AND HEATHER ERWIN'S
ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW DEFENDANTS, VOYAGER INDEMNITY INSURANCE COMPANY, VINCENT MARANO and HEATHER ERWIN (hereafter collectively "Voyager") and for their Original Answer and Affirmative Defenses to Plaintiff's Original Petition would show unto the Court and jury as follows:

I.

**GENERAL DENIAL**

Subject to such stipulations as may hereafter be made, Voyager asserts a general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure and respectfully requests that Plaintiff be required to prove the charges and allegations against Voyager by a preponderance of the evidence as is required by the Constitution and the laws of the State of Texas.

## II.

## AFFIRMATIVE DEFENSES

1. Answering further and for its First Affirmative Defense, Voyager states that the alleged occurrence, incident, event or accident made the basis of this suit was caused by the negligence of a third party or third parties over whom Voyager had no control and said negligence was the proximate cause, or in the alternative, the sole proximate cause of the occurrence, incident, event or accident made the basis of this suit and of the alleged damages to Plaintiff.

2. Answering further and for its Second Affirmative Defense, Voyager states that the incident made the basis of this suit was caused in whole or in part by the negligence of Plaintiff.

3. Answering further and for its Third Affirmative Defense, Voyager states that, in the unlikely event Plaintiff is adjudged to be entitled to any damages in this matter, which is specifically denied, Voyager denies that Plaintiff is entitled to recover pre-judgment interest on any future damages. Voyager would show that, as a matter of law, interest on damages yet to accrue is not compensatory and is consequently a penalty which would be imposed even absent the finding of gross negligence or rather for a lesser degree or lesser level or degree of culpability for which a penalty is not authorized by law.

4. Answering further and for its Fourth Affirmative Defense, Voyager states that Plaintiff failed to comply with all conditions precedent under the policy of insurance.

5. Answering further and for its Fifth Affirmative Defense, Voyager states that Plaintiff failed to provide timely notice of the loss which prejudiced Voyager.

6. Answering further and for its Sixth Affirmative Defense, Voyager states that Plaintiff's claims are barred, in whole or in part, because of the payments made by Voyager under the insurance policy.

7. Answering further and for its Seventh Affirmative Defense, Voyager states that it is entitled to an offset or credit against Plaintiff's damages, if any, for the monies previously paid by Voyager under the insurance policy.

8. Answering further and for its Eighth Affirmative Defense, Voyager states that Plaintiff's claims are barred, in whole or in part, by the doctrines of accord and satisfaction, ratification, consent, settlement, release, waiver, latches, estoppel, acquiescence, unclean hands, in *pari delicto*, and/or failure to mitigate damages.

9. Answering further and for its Ninth Affirmative Defense, Voyager states that Plaintiff's claims are barred, in whole or in part, because Voyager's claim handling practices and all related activity conformed in every respect to accepted industry standards and practices.

10. Answering further and for its Tenth Affirmative Defense, Voyager states that Plaintiff's claims are barred, in whole or in part, because it had a reasonable basis for denying and/or delaying coverage of the claims.

11. Answering further and for its Eleventh Affirmative Defense, Voyager states that Plaintiff's claims are barred, in whole or in part, because Voyager would show that there is an inherent mutual duty of good faith in the agreements related to this action, and that the Plaintiff may have failed to act in good faith.

12. Answering further and for its Twelfth Affirmative Defense, Voyager states that Plaintiff's claims and allegations of "bad faith" are barred, in whole or in part, because Voyager's liability to Plaintiff was not reasonably clear. A bona fide controversy existed, and

continues to exist, concerning Plaintiff's entitlement to insurance proceeds from Voyager, and Voyager's liability, if any, has never become reasonably clear. Accordingly, Voyager had a reasonable basis for denying all or part of Plaintiff's claims.

13. Answering further and for its Thirteenth Affirmative Defense, Voyager states that Voyager expressly reserves any and all rights it may have under the insurance policy, including, but not limited to, any right it may have to seek appraisal of the claims at issue.

14. Answering further and for its Fourteenth Affirmative Defense, Voyager states that Plaintiff is not entitled to the recovery of attorneys' fees and has failed to provide the statutory notices required to show entitlement to same.

15. Answering further and for its Fifteenth Affirmative Defense, Voyager states that the policy of insurance excludes from coverage any damage caused by wear and tear, rot and/or lack of maintenance.

16. Answering further and for its Sixteenth Affirmative Defense, Voyager states that the policy of insurance excludes from coverage any damage or repair related to the actual or potential presence of mold.

17. Answering further and for its Seventeenth Affirmative Defense, Voyager states the policy of insurance excludes from coverage any interior water damage which results from wind driven water.

18. Answering further and for its Eighteenth Affirmative Defense, Voyager states that any award of punitive and/or exemplary damages would be in violation of the excess fine and penalties clause, the equal protection clause and the due process clause of the United States Constitution and the Constitution of the State of Texas.

19. Answering further and for its Nineteenth Affirmative Defense, Voyager pleads the limitations upon the amount of exemplary and/or punitive damages as specifically set forth in the Texas Civil Practice and Remedies Code, Section 41.001 et. seq.

20. Answering further and for its Twentieth Affirmative Defense, Voyager states that none of the acts engaged in were engaged in by a Vice-Principal of Voyager nor were they ratified by Voyager.

21. Answering further and for its Twenty-First Affirmative Defense, Voyager states that Voyager has no liability for breach of contract or violation of the Texas Prompt Payment of Claims Act in that it did not issue any policy of insurance to Plaintiff.

WHEREFORE, PREMISES CONSIDERED, DEFENDANTS VOYAGER INDEMNITY INSURANCE COMPANY, VINCENT MARANO and HEATHER ERWIN respectfully pray that Plaintiff take nothing by her suit; that they be awarded their costs incurred herein and for such other and further relief this Court may deem just and proper.

Respectfully submitted,

**COOPER & SCULLY, P.C.**

By: /s/ Fred Shuchart
FRED L. SHUCHART
SBN 18316250
815 Walker St., Suite 1040
Houston Texas 77002
(713) 236-6800 - Telephone
(713) 236-6880 – Facsimile
Email: fred@cooperscully.com
**ATTORNEY FOR DEFENDANTS VOYAGER INDEMNITY INSURANCE COMPANY, VINCENT MARANO, HEATHER ERWIN, AND AMERICAN RELIABLE INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to all known counsel of record as indicated below by certified mail, return receipt requested, facsimile and/or hand delivery on this 8th day of October, 2015.

| | |
|---|---|
| Kent Livesay | [ ] via certified mail/return receipt requested |
| Law Offices of R. Kent Livesay | [ ] via regular mail |
| 5319 South McColl Road | [X] via facsimile – (956) 686-0050 |
| Edinburg, Texas 78539 | [ ] via hand delivery |

                                                   /s/ *Fred Shuchart*
                                                FRED SHUCHART

Case 5:15-cv-00239   Document 1-3   Filed in TXSD on 10/19/15   Page 9 of 14

Filed
10/8/2015 4:01:55 PM
Dora Castanon
District Clerk
Zapata County, Texas

CAUSE NO. 9,143

| | | |
|---|---|---|
| JAIME VELA | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | 49TH JUDICIAL DISTRICT |
| | § | |
| VOYAGER INDEMNITY INSURANCE | § | |
| COMPANY, AMERICAN RELIABLE | § | |
| INSURANCE COMPANY, VINCENT | § | |
| MARANO, AND HEATHER ERWIN | § | |
| | § | |
| Defendants. | § | ZAPATA COUNTY, TEXAS |

**DEFENDANT AMERICAN RELIABLE INSURANCE COMPANY'S
ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant, AMERICAN RELIABLE INSURANCE COMPANY ("American Reliable"), and for its Original Answer and Affirmative Defenses to Plaintiff's Original Petition would show unto the Court and jury as follows:

I.

**GENERAL DENIAL**

Subject to such stipulations as may hereafter be made, American Reliable asserts a general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure and respectfully requests that Plaintiff be required to prove the charges and allegations against American Reliable by a preponderance of the evidence as is required by the Constitution and the laws of the State of Texas.

**DEFENDANT AMERICAN RELIABLE INSURANCE COMPANY'S
ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES – Page 1 of 6**
D/934740v1

## II.

## **AFFIRMATIVE DEFENSES**

1. Answering further and for its First Affirmative Defense, American Reliable states that the alleged occurrence, incident, event or accident made the basis of this suit was caused by the negligence of a third party or third parties over whom American Reliable had no control and said negligence was the proximate cause, or in the alternative, the sole proximate cause of the occurrence, incident, event or accident made the basis of this suit and of the alleged damages to Plaintiff.

2. Answering further and for its Second Affirmative Defense, American Reliable states that the incident made the basis of this suit was caused in whole or in part by the negligence of Plaintiff.

3. Answering further and for its Third Affirmative Defense, American Reliable states that, in the unlikely event Plaintiff is adjudged to be entitled to any damages in this matter, which is specifically denied, American Reliable denies that Plaintiff is entitled to recover pre-judgment interest on any future damages. American Reliable would show that, as a matter of law, interest on damages yet to accrue is not compensatory and is consequently a penalty which would be imposed even absent the finding of gross negligence or rather for a lesser degree or lesser level or degree of culpability for which a penalty is not authorized by law.

4. Answering further and for its Fourth Affirmative Defense, American Reliable states that any award of punitive and/or exemplary damages would be in violation of the excess fine and penalties clause, the equal protection clause and the due process clause of the United States Constitution and the Constitution of the State of Texas.

5.      Answering further and for its Fifth Affirmative Defense, American Reliable pleads the limitations upon the amount of exemplary and/or punitive damages as specifically set forth in the Texas Civil Practice and Remedies Code, Section 41.001 et. seq.

6.      Answering further and for its Sixth Affirmative Defense, American Reliable states that none of the acts engaged in were engaged in by a Vice-Principal of Assurant nor were they ratified by American Reliable.

7.      Answering further and for its Seventh Affirmative Defense, American Reliable states that Plaintiff failed to comply with all conditions precedent under the policy of insurance.

8.      Answering further and for its Eighth Affirmative Defense, American Reliable states that it issued no policy of insurance to Plaintiff nor did it engage in the adjusting of Plaintiff's claim and therefore owed no legal duty to Plaintiff.

9.      Answering further and for its Ninth Affirmative Defense, American Reliable states that Plaintiff failed to properly comply with the requisite notice requirement pursuant to the Texas Insurance Code and Texas Deceptive Trade Practices – Consumer Protection Act.

10.     Answering further and for its Tenth Affirmative Defense, American Reliable states that the policy of insurance excludes from coverage any damage or repair related to the actual or potential presence of mold.

11.     Answering further and for its Eleventh Affirmative Defense, American Reliable states that the policy of insurance excludes from coverage any damage caused by wear and tear, rot and/or lack of maintenance.

12.     Answering further and for its Twelfth Affirmative Defense, American Reliable states that Plaintiff's claims are barred, in whole or in part, because of the payments made by Voyager under the insurance policy.

13. Answering further and for its Thirteenth Affirmative Defense, American Reliable states that it is entitled to an offset or credit against Plaintiff's damages, if any, for the monies previously paid by Voyager under the insurance policy.

14. Answering further and for its Fourteenth Affirmative Defense, American Reliable states that Plaintiff's claims are barred, in whole or in part, by the doctrines of accord and satisfaction, ratification, consent, settlement, release, waiver, estoppel, acquiescence, unclean hands, in *pari delicto*, and/or failure to mitigate damages.

15. Answering further and for its Fifteenth Affirmative Defense, American Reliable states that Plaintiff's claims are barred, in whole or in part, because the claims handling practices and all related activity conformed in every respect to accepted industry standards and practices.

16. Answering further and for its Sixteenth Affirmative Defense, American Reliable states that Plaintiff's claims are barred, in whole or in part, because Voyager had a reasonable basis for denying and/or delaying coverage of the claims.

17. Answering further and for its Seventeenth Affirmative Defense, American Reliable states that Plaintiff's claims are barred, in whole or in part, because there is an inherent mutual duty of good faith in the agreements related to this action, and that Plaintiff may have failed to act in good faith.

18. Answering further and for its Eighteenth Affirmative Defense, American Reliable states that Plaintiff's claims and allegations of "bad faith" are barred, in whole or in part, because American Reliable's liability to Plaintiffs was not reasonably clear.

19. Answering further and for its Nineteenth Affirmative Defense, American Reliable states that Plaintiff is not entitled to any award of attorneys' fees on any breach of contract claims pursuant to the excessive demand doctrine. If a claimant demands monies to which he is

not entitled, that demand is unreasonable and consequently excessive, precluding recovery of attorneys' fees.

20. Answering further and for its Twentieth Affirmative Defense, American Reliable states that Plaintiff is not entitled to the recovery of attorneys' fees and failed to provide the statutory notices required to show entitlement to same.

21. Answering further and for its Twenty-First Affirmative Defense, American Reliable states that the policy of insurance excludes from coverage any interior water damage which results from wind driven water.

WHEREFORE, PREMISES CONSIDERED, DEFENDANT AMERICAN RELIABLE INSURANCE COMPANY respectfully prays that Plaintiff take nothing by her suit; that it be awarded its costs incurred herein and for such other and further relief this Court may deem just and proper.

        Respectfully submitted,

        **COOPER & SCULLY, P.C.**

        By: /s/ *Fred Shuchart*
          FRED L. SHUCHART
          SBN 18316250
        815 Walker St., Suite 1040
        Houston Texas 77002
        (713) 236-6800 - Telephone
        (713) 236-6880 – Facsimile
        Email: fred@cooperscully.com
        **ATTORNEY FOR DEFENDANTS VOYAGER INDEMNITY INSURANCE COMPANY, VINCENT MARANO, HEATHER ERWIN, AND AMERICAN RELIABLE INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to all known counsel of record as indicated below by certified mail, return receipt requested, facsimile and/or hand delivery on this 8th day of October, 2015.

Kent Livesay  
Law Offices of R. Kent Livesay  
5319 South McColl Road  
Edinburg, Texas 78539

[ ] via certified mail/return receipt requested  
[ ] via regular mail  
[X] via facsimile – (956) 686-0050  
[ ] via hand delivery

/s/ *Fred Shuchart*  
FRED SHUCHART